UNITED STATES of America, Appellee,

v.

**Janice RAMSEY, Ruby Burrell, and Herbert Frisbee, Appellants.**

No. 84–5279.

United States Court of Appeals, Fourth Circuit.

Argued March 6, 1985.

Decided Oct. 3, 1985.

---

Robert G. Karriker, Asheville, N.C., for appellants.

Charles R. Brewer, U.S. Atty., Asheville, N.C. (Jerry W. Miller, Asst. U.S. Atty., Asheville, N.C., on brief), for appellee.

Before WIDENER, PHILLIPS and SNEEDEN, Circuit Judges.

SNEEDEN, Circuit Judge:

This appeal concerns a single question: Does a state administrative action for the unauthorized use of food stamps preclude a subsequent federal criminal prosecution of the same defendants? The district court held the prior state action is no bar to federal prosecution. We agree.

## I.

A state administrative hearing resulted in the determination that appellants fraudulently obtained food stamps. They were disqualified from the food stamp program for a period of time and ordered to sign agreements to make restitution for a food stamp overissuance. Later, a federal grand jury indicted appellants for the unauthorized use of food stamps (7 U.S.C. § 2024(b)(1)), and for making false state-ments to the United States Department of Agriculture (18 U.S.C. § 1001).

Appellants argue that 7 U.S.C. § 2015(b)(2) requires state agencies, and by inference the federal government, to choose between administrative and judicial remedies. Claiming the action was barred by the earlier imposition of state administrative sanctions, appellants moved to dismiss the federal charges. The district court denied the motion. Appellants then entered conditional guilty pleas, preserving this issue for appeal.

## II.

Key to a resolution of this dispute is an interpretation of section 2015(b)(2). It provides in pertinent part:

Each *State* agency shall proceed against an individual alleged to have engaged in such activity *either* by way of administrative hearings ... *or* by referring such matters to appropriate authorities for civil or criminal action in a court of law.

7 U.S.C. § 2015(b)(2) (emphasis added). Appellants contend a legislative amendment eliminating language explicitly permitting both administrative and judicial actions indicates Congress intended to foreclose the later federal prosecution.[1] The district court reached a different conclusion, however, stating that prohibitions found in section 2015(b)(2) apply only to state governments.

Four major assertions form the basis of the lower court's analysis. First, the court noted that section 2015 is entitled "Eligibility Disqualifications." Its label implies the provision concerns the recipient's ability to receive food stamps rather than the government's ability to prosecute him. Second, the court stated that nothing in section 2015(b) purports to limit federal actions. The section applies to "[e]ach State agency."

---

1. Prior to its amendment in 1981, section 2015(b) indicated that a state could proceed against a defendant "either by way of administrative hearings ... or by referring such matters to appropriate authorities for civil or criminal action in a court of law, *or both.*" (emphasis added).

The court also stated that the statute under which appellants were charged, 7 U.S.C. § 2024(b), by its terms permits subsequent criminal prosecutions when prior administrative proceedings determine a food stamp recipient is guilty of fraud.[2] Finally, the court indicated that the legislative history of sections 2015(b) and 2024(b) contains no clue indicating Congress wished to bar federal criminal prosecutions instigated after the imposition of state administrative sanctions for food stamp fraud.

## III.

Finding no convincing evidence of a contrary congressional intent, we agree with the district court's interpretation of sections 2015(b) and 2024(b). Section 2015(b) is limited by its terms and by implication to state agencies. Furthermore, section 2024(b) permits the imposition of fines, jail terms, and administrative sanctions in addition to the administrative penalties contained in section 2015(b). Clearly, federal criminal actions may follow state administrative actions.

AFFIRMED.

---

**2.** Section 2024(b) details the fines and prison terms that may be levied against an individual convicted of the unauthorized use, transfer, acquisition, alteration, or possession of food stamp coupons or authorization cards. The section states that "[i]n addition to such penalties, any person convicted of a felony or misdemeanor violation under this subdivision may be suspended by the court from participation in the food stamp program for an additional period of up to eighteen months *consecutive* to that period mandated by section 2015(b)(1) of this title." (emphasis added)

Appellants' assertion that section 2015 precludes federal prosecutions which follow state administrative actions for food stamp fraud would render the above quoted material superfluous. We believe, however, that section 2024(b) clearly provides for the application of ineligibility sanctions beyond those levied by section 2015(b) and *in addition* to the criminal penalties found in section 2024.